ACCEPTED
15-25-00048-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/13/2025 2:41 PM
CHRISTOPHER A. PRINE
CLERK

**CAUSE NO. 15-25-00048-CV**

**IN THE COURT OF APPEALS**
**FIFTEENTH DISTRICT OF TEXAS AT AUSTIN**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/13/2025 2:41:04 PM
CHRISTOPHER A. PRINE
Clerk

**SEED TO HARVIST REAL ESTATE, LLC, Appellants**

**v.**

**CAROLYN TURNER, Appellee**

*On Appeal from the 44th District Court, Dallas County, Texas Cause No.*
*DC-22-05065*

**RESPONSE TO APPELLANT'S MOTION TO REINSTATE**

Chad A. Norcross
SBN:24039513
NORCROSS LAW
9288 Wichita Trail
Frisco, Texas 75033
(214) 368-9300 - tele
(877) 846-3149 – fax
chad.norcross@norcrosslaw.com
**Attorney for Appellee,**
**CAROLYN TURNER**

COMES NOW, Appellee, Carolyn Turner, ("Appellee"), in the above-entitled action filing this her Response to Appellant's Motion to Reinstate, and in support thereof would respectfully show the Court the following:

## PROCEDURAL HISTORY

1. On May 1, 2025, Appellee filed a Motion to Dismiss Appeal for Lack of Jurisdiction, and on May 27, 2025, this Court rendered judgement dismissing Appellant's appeal for lack of jurisdiction and Ordering Appellant to pay all costs incurred in the appeal.

2. On June 11, 2024, Appellant filed a Motion to Reinstate, seeking to overturn the Court's dismissal. However, the Appellant's Motion fails to address the jurisdictional deficiencies that led to the dismissal and instead relies on arguments that are irrelevant to the Court's authority to hear this matter.

## ARGUMENTS AND AUTHORITIES

*A. Jurisdictional Issues Are Not Discretionary*

3. It is well-established under Texas law that jurisdictional issues are not discretionary and cannot be waived or cured by the parties. See *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A court must have subject matter jurisdiction to hear a case, and if jurisdiction is lacking, the court has no authority to proceed.

4. In this case, the Court determined that it lacked jurisdiction over the Appellant's claims. This determination was based on the Appellant's failure to establish the necessary jurisdictional prerequisites, including but not limited to the proper invocation of the Court's authority under applicable statutes and rules.

5. The Appellant's Motion to Reinstate does not address or cure these jurisdictional deficiencies. Instead, the Motion focuses on procedural arguments that are irrelevant to the jurisdictional issue. As such, the Motion must be denied.

*B. The Dismissal Was Proper and Final*

6. The Court's Order of Dismissal was proper and final. The Appellant failed to take the necessary actions to establish jurisdiction, and the Court correctly dismissed the case for want of prosecution and lack of jurisdiction. The Appellant's attempt to reinstate the case is an improper attempt to circumvent the Court's ruling.

7. The Appellant has not presented any new evidence or legal arguments that would justify reinstatement. The jurisdictional issue remains unresolved, and the Court cannot proceed without proper jurisdiction.

RESPONSE TO MOTION TO REINSTATE APPEAL

*C. Reinstitution of the Case Would Be Improper*

8. Allowing the Appellant to reinstate the case without addressing the jurisdictional deficiencies would be improper and would violate the principles of judicial economy and fairness. The Court has already determined that it lacks jurisdiction, and the Appellant has failed to provide any basis for overturning this determination.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee Carolyn Turner respectfully requests that this Court deny Appellant's Motion to Reinstate in its entirety and grant such other and further relief to which Appellee may be justly entitled.

Respectfully submitted,

NORCROSS LAW

By:*/s/ Chad A. Norcross*
Chad A. Norcross
SBN: 24039513
9288 Wichita Trail
Frisco, Texas 75033
Tel:   (214) 368-9300
Fax:   (877) 846-3149
chad.norcross@norcrosslaw.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chad Norcross
Bar No. 24039513
chad.norcross@norcrosslaw.com
Envelope ID: 102002430
Filing Code Description: Other Document
Filing Description: Response to Appellant's Motion to Reinstate
Status as of 6/13/2025 2:56 PM CST

Associated Case Party: Carolyn Turner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad A.Norcross | | chad.norcross@norcrosslaw.com | 6/13/2025 2:41:04 PM | SENT |
| Jessica E.Mayfield | | jessica.mayfield@norcrosslaw.com | 6/13/2025 2:41:04 PM | SENT |
| Alicia Fernandez | | alicia.fernandez@norcrosslaw.com | 6/13/2025 2:41:04 PM | SENT |

Associated Case Party: Seed to Harvest Real Estate, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gaylene RogersLonergan | | grogers@lonerganlaw.com | 6/13/2025 2:41:04 PM | SENT |